# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA CURIEL GALLEGOS,<br><br>                              Plaintiff,<br>   vs.<br><br>QUANTUM SERVICING CORP., et al.,<br>                              Defendant. | CASE NO. 10CV175 DMS (NLS)<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>[Docs. 15 & 18] |

     Pending before the Court are Defendant Quantum Servicing Corporation ("Quantum") and Defendant Argent Mortgage Company's ("Argent") motions to dismiss Plaintiff's First Amended Complaint ("FAC"). For the reasons set forth below, the motions are granted.

     Plaintiff Laura Curiel Gallegos, acting *pro se*, filed suit in the Superior Court of California, County of San Diego, on December 17, 2009. On January 21, 2010, Quantum removed the matter to this Court. (Doc. 1.) On March 12, 2010, the Court granted Quantum and Argent's motions to dismiss Plaintiff's complaint without prejudice. (Doc. 15.) On April 8, 2010, Plaintiff filed the FAC. Argent filed a motion to dismiss on April 21, 2010, and Quantum filed its motion on April 26, 2010. (Docs. 15 & 18.) On May 18, 2010, Plaintiff filed a document titled "Memorandum of Points and Authorities in Support of Motion to Provide Proof of Service and to Strike Dismissal of Complaint," which the Court construes as Plaintiff's opposition to the motions to dismiss. (Doc. 21.) Quantum and Argent each filed replies. (Docs. 22 & 26.)

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). *Pro se* litigants are given leeway in their pleadings. *Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995). Nonetheless, the pleadings "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Id.* Here, as with Plaintiff's complaint, the FAC does not meet a minimum threshold to state a claim for relief.

Plaintiff contends she entered into a home loan on August 9, 2006, that Argent made misrepresentations regarding the loan, and that Quantum and Argent are improperly attempting to foreclose on the home. Plaintiff lists several statutes in the FAC, such as the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA"), but it is unclear exactly what are Plaintiff's claims for relief, and which claims are being brought against which Defendant. Plaintiff's opposition to the motions alleges that Quantum cannot properly foreclose because it is not the holder in due course of the promissory note, but otherwise fails to respond to the arguments made in Defendants' motions.

To the extent Plaintiff is alleging violations of TILA and RESPA, the claims fail because they are time-barred. TILA provides a one-year statute of limitations that begins to run from the day the loan papers were signed. 15 U.S.C. § 1640(e); *Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003). Similarly, violations of RESPA are subject to a one-year limitations period, which accrues at closing. 12 U.S.C. § 2614; *Snow v. First Am. Title Ins. Comp.*, 332 F.3d 356, 359 (5th Cir. 2003). Here, Plaintiff entered into the loan on August 9, 2006 and did not file the original suit in state court until December 17, 2009, more than three years later.

To the extent Plaintiff alleges that Quantum is not complying with proper foreclosure procedures because of its failure to possess the promissory note, the claim fails. "[California] Civil Code sections 2924 through 2924k provide a comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust." *Moeller v. Lien*,

25 Cal. App. 4th 822, 830 (1994). In such a sale, no party needs to physically possess the promissory note. *See* Cal. Civ. Code § 2924(a)(1) (trustee's sale may be conducted by the "trustee, mortgagee, or beneficiary or any of their authorized agents"). Because "[t]he comprehensive statutory framework established to govern nonjudicial foreclosure sales is intended to be exhaustive," the Court cannot "incorporate [the UCC's possession rule] into statutory nonjudicial foreclosure proceedings." *Moeller*, 25 Cal. App. 4th at 834.

Accordingly, Quantum and Argent's motions to dismiss are granted. Because Plaintiff cannot cure the deficiencies in her complaint, the matter is dismissed with prejudice.[1]

**IT IS SO ORDERED.**

DATED: June 14, 2010

HON. DANA M. SABRAW
United States District Judge

---

[1] Plaintiff's "Motion for Leave to Provide Proof of Service" filed on June 9, 2010 is denied as moot.